# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

No. 09-50559
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARL THEODORE CARLSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2779-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carl Theodore Carlson pleaded guilty to five counts of mail fraud in violation of 18 U.S.C. § 1341 and was sentenced to 56 months of imprisonment, on each count to run concurrently, three years of supervised release, on each count to run concurrently, and restitution in the amount of $1,401,866. Carlson argues that the district court clearly erred in applying a two-level upward adjustment in his offense level for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. He argues that he did not hold a position of trust at Penske

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Truck Leasing (PTL). He contends that the release numbers for the truck sales were computer generated and that there was no evidence that professional or managerial discretion was involved in providing them.

With respect to a finding that a defendant abused a position of trust under § 3B1.3, the district court's finding is "a sophisticated factual determination reviewed under the clearly erroneous standard." *United States v. Ollison*, 555 F.3d 152, 164-65 (5th Cir. 2009). A two-level § 3B1.3 enhancement is appropriate if a defendant occupied a position of trust and used that position to facilitate significantly the commission or concealment of the offense. § 3B1.3; *Ollison*, 555 F.3d at 165. The primary distinguishing trait of a person in a position of trust is the extent to which the person's position allows him the freedom to commit a wrong that is difficult to detect. *United States v. Brown*, 7 F.3d 1155, 1161 (5th Cir. 1993).

The evidence in the record shows that Carlson, in his position as used truck coordinator, had the discretionary authority to approve sales of previously leased trucks. Carlson did not merely perform a nondiscretionary function of providing the release numbers upon request by the district managers. The district managers had to get Carlson's approval for the sales price, after which Carlson used the computer to generate the release numbers for the sales. Carlson apparently had little or no supervision and the freedom to commit this fraud without detection from about 2000 to 2005, until an internal audit revealed discrepancies in PTL's truck inventory. Carlson had worked for Penske for 22 years and his salary was $110,00 a year. Carlson was not a low-level functionary but a long-term, highly paid employee trusted by Penske with the authority to approve sales of vehicles that generated over $1 million dollars in sales. The district court did not clearly err in its implicit finding that Carlson occupied a position of trust. *See Brown*, 7 F.3d at 1162.

AFFIRMED.